Filed May 12, 1892.

---

## No. 15,574.

## HOLLINGSWORTH v. STUMPH.

REAL ESTATE.—*Judgment for Possession of and for Damages.—Occupying Claimant.—Injunction.—Merger of Judgments.*—Proceedings under the occupying claimants' act are entirely independent of the principal action for the recovery of the land, except that they have the effect to stay the issuance of the writ of possession until the rights of the occupying claimant are determined and adjusted. After the occupying claimant's rights have been determined, the other party may pay the amount due him as such occupying claimant, and issue a writ for possession, and also an execution for the collection of his judgment, for the amount in each judgment is fixed independently of the other.

From the Montgomery Circuit Court.

*J. Wright* and *J. M. Seller*, for appellant.

*G. D. Hurley* and *M. E. Clodfelter*, for appellee.

McBRIDE, J.—The appellee recovered a judgment against the appellant for the possession of certain land and for $175 damages. On the day this judgment was recovered the appellant filed his complaint as an occupying claimant of the land, who in good faith, and under color of title, had made lasting and valuable improvements on it.

Issue was joined on this complaint, and a trial had at a

Hollingsworth v. Stumph.

subsequent term, resulting in a judgment, fixing the amount to be paid by the appellee for the use of the appellant, and, in case he failed to pay, fixing the amount the appellant might then pay if he elected to hold the land. The value of the appellant's interest in the land was fixed at $375, which amount the appellee paid, and then ordered an execution for the collection of the judgment for $175. This suit was brought to enjoin the collection of that judgment.

The court below sustained a demurrer to the complaint, and this ruling is assigned as error. Proceedings under the occupying claimant's act are entirely independent of the principal action for the recovery of the land, except that they have the effect to stay the issuance of a writ of possession until the rights of the occupying claimant are determined and adjusted. If, after his rights are ascertained and fixed by judgment of the court, the other party elects to pay the amount found to be due him, as such occupying claimant, and does so, he is then entitled to a writ for the possession of the land. Section 1083, R. S. 1881. We can see no reason why he is not, also, and at the same time, entitled to execution for the collection of his judgment.

The statute makes no provision for taking it into account in ascertaining the amount due to the occupying claimant. While the matters to be considered in ascertaining the sum due him, and the respective amounts which each party may be required to pay are specified with much particularity, there is no mention of or reference to the judgment that may have been recovered for damages in the principal action.

The appellant's contention that it is merged in the judgment recovered by the occupying claimant, we think, is not sustained by a fair construction of the statute.

The circuit court did not err in sustaining the demurrer to the complaint.

Judgment affirmed, with costs.

Filed March 12, 1892; petition for a rehearing overruled May 12, 1892.